IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANDRE T. WILLIAMS,                      :
                                        :
     Plaintiff,                         :
                                        :
vs.                                     :          CIVIL ACTION 10-0611-M
                                        :
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,:
                                        :
     Defendant.                         :


MEMORANDUM OPINION AND ORDER


     Defendant has filed a Motion to Alter the Judgment under

Fed.R.Civ.P. 59(e) (Docs. 22-23).  Plaintiff has responded to

the Motion (Doc. 25).  After consideration, Defendant's Motion

is **GRANTED**.  After further consideration, the Court,

nevertheless, **ORDERS** that the decision of the Commissioner be

**REVERSED** and that this action be **REMANDED** for further

proceedings not inconsistent with the Orders of this Court.

     Rule 59(e) provides the opportunity for a party to motion

for the court to alter or amend a judgment, so long as the

motion is filed within twenty-eight days.  Fed.R.Civ.P. 28(e).

Defendant has met this requirement.  To grant the Motion,

Defendant must demonstrate "newly-discovered evidence or

manifest errors of law or fact."  *See In re Kellogg*, 197 F.3d

1116, 1119 (11th Cir. 1999).

In the Motion, Defendant asserts that the Court's holding "controverts the plain language of the administrative regulations setting forth the requirements of mental retardation" (Doc. 23, p. 1). Defendant further asserts that "the Court's broad application of *Hodges v. Barnhart*, 276 F.2d 1265, 1266 (11th Cir. 2001), is inconsistent with Eleventh Circuit precedent construing *Hodges* narrowly, as establishing only a rebuttable presumption" (Doc. 23, p. 1).

In the Memorandum Opinion and Order (hereinafter *Order*), entered on May 27, 2011, the Court determined that Plaintiff had satisfied the requirements of Listing 12.05C of the Listing requirements for disability in the social security regulations (Doc. 20). The Court entered judgment based on the conclusions made in that Order (Doc. 21).

In the Order, the Court summarized the relevant medical evidence and specifically noted that Williams had scored a Performance IQ score on the WISC-R which met the 12.05C requirement of an IQ score between 60 and 70 (Doc. 20, p. 10; *see also* Tr. 174-75).[1] The Court also noted that school records

---

[1]The ALJ specifically found that there is no "sufficient credible evidence to establish IQ scores in the mentally retarded range" (Tr. 16). The Court finds that this determination was incorrect.

indicated that Plaintiff was taking alternative classes in the sixth grade. *Id*. Then the Court, *citing Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001), found that Williams had "satisfied the requirement of proving that he suffered deficits in adaptive functioning prior to the age of twenty-two" (Doc. 20, p. 11).

The Court has reread *Hodges* and the regulations applicable to this discussion and finds Defendant's argument persuasive. Though *Hodges* held "that there is a presumption that mental retardation is a condition that remains constant throughout life," *Hodges*, 276 F.3d at 1266, this is a rebuttable presumption. When the Court found that Williams's IQ score satisfied the 12.05C requirement, it is true that Plaintiff did not then need to "present evidence that []he manifested deficits in adaptive functioning prior to the age of twenty-two." *Hodges*, 276 F.3d at 1266. However, this did not mean that Williams had satisfied all of the Listing requirements as Defendant still had the opportunity to rebut the presumption by showing that he does not suffer from deficits in adaptive functioning.

Therefore, the Court acknowledges that a re-examination of the law surrounding Listing 12.05C, and *Hodges* specifically,

leads to the inescapable conclusion that the Court, in its

Memorandum Order of May 27, 2011 (Doc. 20), was in error.

Specifically, the Court committed error in not acknowledging

that the presumption, in *Hodges*, that Williams's mental

retardation, based on an IQ score, was a condition that remains

constant throughout life, is rebuttable.  The Court further

acknowledges that it entered judgment in this action based on

that error (Doc. 21).  The Court finds that Defendant's Motion

to Alter the Judgment under Fed.R.Civ.P. 59(e) should be **GRANTED**

(Docs. 22-23) and amends the Memorandum Opinion and Order as

follows.

Having reached the conclusion that error was committed

previously, the Court needs to re-examine the ALJ's decision as

to whether Defendant has rebutted the presumption of mental

retardation.  More specifically, the Court will examine the

ALJ's findings regarding Williams's adaptive functioning.

The ALJ, in her decision, stated the following:

> Moreover, the claimant's adaptive
> functioning supports a finding that he is
> not mentally retarded.  He has no problems
> caring for his personal needs (Exhibit 7E).
> He is able to shop, pay bills, count change,
> handle a savings account, and use a
> checkbook/money orders.  He can read and is
> able to follow instructions.  He also
> completed a homestudy paralegal program

through Professional Career Developmental Institute (Exhibit 2F).  The evidence does not establish the claimant has the necessary deficits in adaptive functioning to meet Listing 12.05.

(Tr. 15).  The ALJ went on to note that Williams "earned his high school diploma in a home school program and completed a self study paralegal program" (Tr. 20).

The Function Report, cited by the ALJ, was completed by Williams himself in which he states that he lives in a house with his family (Tr. 198; *see generally* Tr. 198-205).  He indicated that he could take a bath and put his clothes on by himself; he cannot cook (Tr. 198).  He provides no care for any family members or pets; he can take care of personal grooming such as caring for his hair, shaving, feeding himself, and using the toilet (Tr. 199).  He can do some cleaning without help or encouragement (Tr. 200).  Williams states that he can pay bills, count change, handle a savings account, and use a checkbook or handle money orders (Tr. 201).  He goes to church regularly by himself (Tr. 202); Plaintiff is able to follow written and spoken instructions (Tr. 203).  Williams signed the form and dated it as his birth date (Tr. 205; *cf*. Tr. 160).

The Court notes, however, that in spite of the Government's insistence that Plaintiff did not attend special education

classes (Doc. 23, p. 8), school records clearly show otherwise. Specifically, at age twelve, Williams was attending sixth-grade alternative classes (Tr. 174-75). The ALJ cited the same report that the Government cites to the Court (medical report of Dr. Jackson) (Tr. 15; *cf.* Tr. 246, 293), but never noted the school records showing that Plaintiff was in alternative classes.

The Court also notes that the ALJ found that Plaintiff had completed a high school education (Tr. 20, 22). This conclusion may be based on the Medical Expert McKeown's statement that Williams had received his GED (*see* Tr. 51); even though the ALJ gave significant weight to the M.E.'s opinion (Tr. 21), this particular fact appears to be incorrect. What Plaintiff did complete was a high school home study (Tr. 227), not recognized as a GED by the American Council on Education. *See* http://www.acenet.edu/AM/Template.cfm?Section=GED_TS.

After re-examination of the evidence, the Court finds that the ALJ's decision is not supported by substantial evidence. The Court has pointed out three specific errors in the ALJ's determination: (1) that there is no "sufficient credible evidence to establish IQ scores in the mentally retarded range" (Tr. 16); (2) that Plaintiff went to school and attended only regular classes; and (3) that Williams has a high school

6

education.  While the ALJ has pointed to other things in the record which demonstrate that Plaintiff is self-sufficient in some ways, the Court cannot say that the ALJ's determination, in light of these errors, is supported by substantial evidence. The Court wishes to be clear that it is not finding that the ALJ's ultimate decision is not correct; however, because of the ALJ's errors, the Court cannot find that she is.

Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's adaptive functioning. Judgment will be entered by separate Order.  For further procedures not inconsistent with this order, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

DONE this 28th day of July, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE